MARVIN VAN DUYNE, PETITIONER-APPELLANT, v. CALD-
WELL MOTORS, RESPONDENT-RESPONDENT.

Morris County Court
Law Division

Decided May 2, 1961.

*Mr. Patrick J. Timmons,* attorney for the petitioner-appellant.

*Messrs. Dolan and Dolan,* attorneys for the respondent-respondent (*Mr. Lewis P. Dolan, Jr.,* of counsel).

MILLS, J. C. C. Petitioner filed a claim for compensation on May 1, 1959, wherein he seeks a determination on the merits and an increase in temporary and permanent disabilities sustained as a result of an injury arising out of and in the course of his employment on June 11, 1951.

Respondent moved to dismiss the claim on the grounds that the statute of limitations had run. *R. S.* 34:15–51. The compensation judge in the Division of Workmen's Compensation took testimony to determine whether or not the statute had in fact run, or whether the petitioner did in fact receive compensation or medical treatment during the period to extend the statute. Dr. Jarvis M. Smith testified for the petitioner. He was the only witness. As a result thereof, the petition was dismissed.

The facts are not in dispute. Petitioner was injured as the result of an accident arising out of and in the course of his employment with respondent on June 11, 1951. Dr. Smith treated petitioner until June 3, 1952, when he discharged him. Then there was a period of almost five years in which there was no treatment at all. Petitioner returned to Dr. Smith on May 28, 1957, when the doctor undertook a further course of treatment. It is conceded that petitioner needs further surgery.

An informal hearing was held March 20, 1952, and an award was entered as follows: "Temporary disability for a period of 26-6/7 weeks or $805.71; and permanent disability, 20% of the left leg or 55 weeks—$1,660." The last payment made on account of the award was made January 6, 1953.

No proof was advanced that petitioner was directed to Dr. Smith by the respondent.

■ Petitioner claims that the Division acquired jurisdiction by the informal hearing and award on March 20, 1952; that informal awards are agreements which come under *R. S.* 34:15–50 and no limitation applies; and that respondent has paid compensation during the two years prior to the filing of the claim by supplying medical assistance to the petitioner.

Petitioner's argument on the last point is not supported by the testimony. No proof was evident of authorization by the respondent of Dr. Smith's treatment or payment of compensation.

*R. S.* 34:15–51 provides:

"Every claimant for compensation under article 2 of this chapter (§ 34:15–7 *et seq.*) shall, unless a settlement is effected or a petition filed under the provisions of section 34:15–50 of this title, file a petition in duplicate with the secretary of the bureau ＊ ＊ ＊ within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement. ＊ ＊ ＊"

■ The statute is clear and unambiguous. To construe that the informal award was a petition or an agreement which takes the case out of the statute of limitation of two years to file a claim, would do violence to it. The statute says, *"unless a settlement is effected or a petition filed."* (Emphasis added.) No petition was filed within the two years between June 11, 1951 and May 28, 1957. The settlement was effected.

■ The filing of a claim petition within the time prescribed by *R. S.* 34:15–51 is a jurisdictional requirement. *Schwartz v. Federal Shipbuilding and Dry Dock Co.,* 29 *N. J. Super.* 374 (*App. Div.* 1954). No claim was filed in compliance therewith or its exceptions.

The judgment of the Division is affirmed.